SWI.8316

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| **MARIA ANTONIA DE LA ROSA, Ind.** | § | |
| **and as Admin. of Estate of ARNOLD** | § | |
| **DE LA ROSA (Deceased); ABIGAIL** | § | |
| **MONCIVAIS; SHANIA DE LA ROSA;** | § | |
| **ARNOLD DE LAROSA, JR.;** | § | |
| **CONSUELO DE LA ROSA; and** | § | |
| **ALBERTO DE LA ROSA, SR.,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **SWIFT TRANSPORTATION CO.,** | § | **CIVIL ACTION NO._____** |
| **INC., d/b/a SWIFT** | § | |
| **TRANSPORTATION CO. OF** | § | |
| **ARIZONA, LLC; SWIFT** | § | |
| **TRANSPORTATION SERVICES,** | § | |
| **LLC; SWIFT TEXAS** | § | |
| **TRANSPORTATION, L.L.C.;** | § | |
| **KNIGHT TRANSPORTATION** | § | |
| **SERVICES, INC.; KNIGHT-SWIFT** | § | |
| **TRANSPORTATION HOLDINGS** | § | |
| **INC.; and KNIGHT** | § | |
| **TRANSPORTATION, INC., d/b/a** | § | |
| **KNIGHT TRANSPORTATION** | § | |
| **TEXAS, INC.,** | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, SWIFT TRANSPORTATION CO. L.L.C. (improperly named Swift

Transportation Co. Inc. d/b/a Swift Transportation Co. of Arizona, LLC), SWIFT

TRANSPORTATION SERVICES, L.L.C., KNIGHT TRANSPORTATION SERVICES, INC.,

KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC. and KNIGHT

TRANSPORTATION, INC. (improperly named Knight Transportation Inc. d/b/a Knight

Transportation Texas, Inc.), Defendants in the above-referenced matter, and file this their Notice

of Removal under 28 U.S.C. § 1332(a).

# I.
## INTRODUCTION

1.      Plaintiffs sued Defendants in the 275th Judicial District Court of Hidalgo County,

Texas, Cause No. C-0788-19-E, asserting Survival and Wrongful Death actions based on alleged

negligence related to a one-vehicle, single occupant, accident and the death of Arnold De La

Rosa that occurred on or about February 27, 2017.

2.      Defendants SWIFT TRANSPORTATION CO. L.L.C. (improperly named Swift

Transportation Co. Inc. d/b/a Swift Transportation Co. of Arizona, LLC), SWIFT

TRANSPORTATION SERVICES, L.L.C., KNIGHT TRANSPORTATION SERVICES, INC.,

KNIGHT-SWIFT      TRANSPORTATION      HOLDINGS,      INC.      and      KNIGHT

TRANSPORTATION, INC. (improperly named Knight Transportation Inc. d/b/a Knight

Transportation Texas, Inc.) were served with suit on February 25, 2019.  Defendants, therefore,

have filed this Notice of Removal within the thirty-day time period required by federal law.

3.      There is diversity jurisdiction in this Court because there is complete diversity of

citizenship after disregarding the citizenship of Co-Defendant SWIFT TEXAS

TRANSPORTATION, L.L.C. who was fraudulently/improperly joined as a Defendant to defeat

diversity. Moreover, the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      Co-Defendant SWIFT TEXAS TRANSPORTATION, L.L.C. appears to have

been served on February 26, 2019.

5.      Plaintiff MARIA ANTONIA DE LA ROSA is a citizen of the State of Texas, and

upon information and belief, is a resident of Hidalgo County, Texas.

6.      Plaintiff ALBERTO DE LA ROSA, SR. is a citizen of the State of Texas, and upon information and belief, is a resident of Hidalgo County, Texas.

7.      Plaintiff CONSUELO DE LA ROSA is a citizen of the State of Texas, and upon information and belief, is a resident of Hidalgo County, Texas.

8.      Plaintiff ABIGAIL MONCIVAIS is a citizen of the State of Texas, and upon information and belief, is a resident of Bexar County, Texas.

9.      Plaintiff SHANIA DE LA ROSA is a citizen of the State of Texas, and upon information and belief, is a resident of Hidalgo County, Texas.

10.     Plaintiff ARNOLD DE LA ROSA, JR is a citizen of the State of Texas, and upon information and belief, is a resident of Hidalgo County, Texas.

11.     Plaintiffs' contentions that Defendant SWIFT TRANSPORTATION CO. LLC (improperly named Swift Transportation Co. Inc. d/b/a Swift Transportation Co. of Arizona, LLC) is a foreign corporation is correct.  Defendant Swift Transportation Co. LLC (improperly named Swift Transportation Co. Inc. d/b/a Swift Transportation Co. of Arizona, LLC) is a limited liability company organized under the laws of Delaware, with its principal place of business in Arizona.

12.     Plaintiffs' contentions that Defendant SWIFT TRANSPORTATION SERVICES, LLC is a foreign limited liability company is correct. Defendant Swift Transportation Services, LLC is a limited liability company organized under the laws of Delaware, with its principal place of business in Arizona.

13.     Plaintiffs' contentions that Defendant KNIGHT TRANSPORTATION SERVICES, INC. is a foreign corporation is correct. Defendant Knight Transportation Services,

Inc. is a corporation organized under the law of the State of Arizona, with a principal place of business in the State of Arizona.

14.     Defendant KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC. is a publicly traded corporation organized under the law of the State of Delaware, with a principal place of business in the State of Arizona.

15.     Plaintiffs' contentions that Defendant KNIGHT TRANSPORTATION, INC. (improperly named Knight Transportation Inc. d/b/a Knight Transportation Texas, Inc.) is a foreign corporation is correct. Defendant Knight Transportation, Inc.  is a corporation organized under the law of the State of Arizona, with a principal place of business in the State of Arizona. At the time of the incident made the basis of this lawsuit, KNIGHT TRANSPORTATION, INC. (improperly named Knight Transportation Inc. d/b/a Knight Transportation Texas, Inc.) was not business partners, associates or otherwise affiliated with Plaintiff or the Swift Defendants.

16.     Co-Defendant SWIFT TEXAS TRANSPORTATION, LLC is unrelated to any of the other Defendants in this case and is not known to have had any connections to Plaintiffs, to Decedent Arnold De La Rosa, or to the alleged accident. According to state court records, Swift Texas Transportation, LLC was served on February 26, 2019. Although Plaintiff asserts in its Original Petition that Swift Texas is a domestic limited liability company, Swift Texas has been fraudulently/improperly joined in this matter.

## II.
## BASIS FOR REMOVAL

17.     Removal is proper under 28 U.S.C. § 1332(a) because Plaintiffs' suit is a civil action in which this Court has original jurisdiction over the parties, based upon diversity jurisdiction under 28 U.S.C. § 1332.  This action is one which is removable to this Court

pursuant to the provisions of 28 U.S.C. §1441(b) because Plaintiffs are all citizens of the State of Texas, and these Defendants, after disregarding the citizenship of Co-Defendant SWIFT TEXAS TRANSPORTATION, L.L.C. who was fraudulently/improperly joined as a Defendant to defeat diversity, are foreign corporations or limited liability companies, either organized under the law of the State of Delaware or State of Arizona, and with their principal place of business in the State of Arizona.

18.     **Diversity Jurisdiction:** For diversity purposes, a person is considered a citizen of the state where that person is domiciled. Additionally, a limited liability company is a citizen of both the state in which it was incorporated and the state in which it has its principal place of business. Defendant SWIFT TRANSPORTATION CO. LLC (improperly named Swift Transportation Co. Inc. d/b/a Swift Transportation Co. of Arizona, LLC) is a limited liability company organized under the laws of Delaware, with its principal place of business in Arizona. The sole member of Swift Transportation Co., LLC is Knight-Swift Transportation Holdings, Inc., a publicly traded corporation organized under the law of the State of Delaware, with a principal place of business in the State of Arizona. No publicly traded entity owns more than 10% of its stock. Defendant SWIFT TRANSPORTATION SERVICES, LLC is and was at the time this action was filed, a limited liability company organized under the laws of the State of Delaware with its principal place of business is in the State of Arizona. The sole member of Swift Transportation Services, LLC is Swift Services Holdings, Inc. Swift Services Holdings, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business is in the State of Arizona. The sole shareholder of Swift Services Holdings, Inc. is Swift Transportation Co., LLC. Defendant KNIGHT TRANSPORTATION SERVICES, INC. is a

corporation organized under the law of the State of Arizona, with a principal place of business in the State of Arizona. The sole member of Knight Transportation Services, Inc. is Knight Transportation, Inc. Defendant KNIGHT TRANSPORTATION, INC. (improperly named Knight Transportation Inc. d/b/a Knight Transportation Texas, Inc.) is a corporation organized under the law of the State of Arizona, with a principal place of business in the State of Arizona. The sole member of Knight Transportation, Inc. is KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC. Because Plaintiffs do not share citizenship with these Defendants in any state, removal is proper on diversity grounds.

19.     **Fraudulent/Improper Joinder**: Plaintiffs name Co-Defendant SWIFT TEXAS TRANSPORTATION, L.L.C. as a defendant in Plaintiffs' Original Petition and asserts that Swift Texas Transportation L.L.C. is a domestic limited liability company engaged in conducting business within Texas, with its principal place of business located at 2323 Oakcrest Dr., Garland, Texas 75044, which is a house located in a residential neighborhood. Swift Texas is a resident of Texas according to Plaintiffs' Original Petition; however, Swift Texas has been fraudulently/improperly joined in this matter by Plaintiffs in an improper effort to defeat diversity jurisdiction. The doctrine of fraudulent joinder allows federal removal jurisdiction premised on diversity despite the presence of an improperly joined, non-diverse defendant.[1] Citizenship of a fraudulently joined party is totally disregarded in determining the Court's subject matter jurisdiction.[2] Fraudulent joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the

---

[1] *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006).
[2] *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

non-diverse defendant in state court.[3] Here, there no possibility that Plaintiffs can establish a cause of action against defendant SWIFT TEXAS TRANSPORTATION, LLC under applicable state law. This type of fraudulent joinder may consist of (1) not pleading a factual basis for an element of the Plaintiffs' claim against the nondiverse defendant, (2) pleading only a legally insufficient factual basis for an element of the claim against the nondiverse defendant, or (3) pleading a status of the nondiverse or local defendant when in fact the defendant lacks status (e.g. alleging that the defendant is the plaintiff's employer when in fact the defendant is not).[4] In this case, Plaintiffs' factual basis for their claims against all Defendants is their allegation that Arnold De La Rosa, Deceased, "was a driver for Defendants pursuant to an agreement dated December 19, 2016"[5] and "while De La Rosa was acting within the scope and course of his employment with, and/or driving under the direction of, and/or on an errand for, and/or under contract with the Defendants."[6]  Plaintiffs' overbroad, vague and unsubstantiated pleadings fail to properly plead any facts to show that the entity Swift Texas Transportation LLC has any status as De La Rosa's employer or that such an entity was party to any alleged contract with Swift Texas Transportation. Further, this fraudulently/improperly joined defendant, Swift Texas Transportation, Inc., is unrelated and not affiliated with any of the other Defendants in this cause. Accordingly, SWIFT TEXAS TRANSPORTATION, LLC should be totally disregarded in determining the Court's subject matter jurisdiction.

20.    The Defendants, after disregarding the citizenship of the fraudulently/improperly joined defendant, are now, and were at the time the removed action was commenced, diverse in

---

[3] *Id.* at 573.
[4] *Wells' Dairy, Inc. v. American Indus. Refrigeration, Inc*. 157 F.Supp.2d 1018, 1037-38 (N.D. Iowa 2001).
[5] *See* Plaintiffs' Original Petition at ¶9.
[6] *See* Plaintiffs' Original Petition at ¶11.

citizenship from the Plaintiffs. 28 U.S.C. § 1332. Accordingly, because the notice of removal was filed within thirty days after the receipt of a copy of the initial pleading setting forth the claim for relief this removal is proper and timely under 28 U.S.C. §1446(b).

21.    The amount in controversy in this action exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand and No/100 Dollars ($75,000.00). Plaintiff's Original Petition, attached to this Notice, alleges that Plaintiffs seek monetary relief of over $1,000,000.00. *See* Plaintiffs' Original Petition, page 3 at paragraph 2.

22.    All pleadings, process, orders, and all other filings in the State Court action are attached to the Notice of Removal as required by 28 U.S.C. § 1446(a) and are resubmitted herewith as follows:

Exhibit A:    Index of Documents

Exhibit 1:    Plaintiffs' Original Petition  - Filed 2.19.19

Exhibit 2:    Return of Service – Knight-Swift Transportation Holdings, Inc. – served 2.25.19

Exhibit 3:    Swift Texas Transportation LLC – served 2.26.19

Exhibit 4:    Swift Transportation Co., Inc. dba Swift Transportation Co. of Arizona, LLC – served 2.25.19

Exhibit 5.    Defendant's Original Answer – Filed 3.25.19

Exhibit 6.    District Court Docket Sheet

23.    The United States District Court for the Southern District of Texas, McAllen Division, embraces Hidalgo County, Texas, the place where the State Court Action was filed by Plaintiffs and is pending. This statement is not meant as a waiver of any argument that venue is improper in the location in which the State Court Action was filed, but merely demonstrates the

propriety of removing the action to this federal judicial district.

24.     Defendants filed a copy of the Notice of Removal with the Clerk of the State Court in which the action had been pending.

WHEREFORE, Defendants SWIFT TRANSPORTATION CO. L.L.C. (improperly named Swift Transportation Co. Inc. d/b/a Swift Transportation Co. of Arizona, LLC), SWIFT TRANSPORTATION SERVICES, L.L.C., KNIGHT TRANSPORTATION SERVICES, INC., KNIGHT-SWIFT   TRANSPORTATION   HOLDINGS,   INC.   and   KNIGHT TRANSPORTATION, INC. (improperly named Knight Transportation Inc. d/b/a Knight Transportation Texas, Inc.), as parties in diversity with the Plaintiffs, respectfully request that this action be immediately and entirely removed upon filing this Notice of Removal to the United States District Court for the Southern District of Texas, McAllen Division, and for such other and further relief to which they may show themselves to be justly entitled.

Respectfully Submitted,

/s/ Jeff C. Wright

_____

**JEFF C. WRIGHT**
SBN:  24008306
Southern Admission No. 732554
jwright@feesmith.com
**MICHAEL P. SHARP**
SBN:  00788857
Southern Admission No. 29492
msharp@feesmith.com
FEE, SMITH, SHARP & VITULLO, L.L.P
Three Galleria Tower
13155 Noel Rd., Suite 1000
Dallas, TX  75240
(972) 934-9100
(972) 934-9200 - Fax

ATTORNEYS FOR DEFENDANTS
SWIFT  TRANSPORTATION  CO.,  LLC,  SWIFT
TRANSPORATION  SERVICES,  LLC,  KNIGHT
TRANSPORTATION SERVICES, INC., KNIGHT-
SWIFT TRANSPORATION HOLDINGS, INC. and
KNIGHT TRANSPORTATION, INC**.**

## <u>CERTIFICATE OF SERVICE</u>

I  hereby  certify  that  on  March  26,  2019  I  electronically  transmitted  the  attached
document to the Clerk of the Court using the ECF System for filing.  Based on the electronic
records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the
following ECF registrants:

L. Todd Kelly                                    Jesus A. Zambrano
TKellyEfile@carlsonattorneys.com                 jesse@zambranolawfirm.com
Nicholas P. Merz                                 ZAMBRANO LAW FIRM
NMerz@carlsonattorneys.com                       3900 N. Tenth St., Suite 970
THE CARLSON LAW FIRM, PC                          McAllen, TX  78501
11606 N. Interstate Hwy. 35
Austin, TX  78753

/s/ Jeff C. Wright

_____

**JEFF C. WRIGHT**