Electronically Filed
2/15/2019 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0788-19-E**

CAUSE NO. _____

| | | |
|---|---|---|
| MARIA ANTONIA DE LA ROSA,<br>Individually, and as Administrator of<br>the Estate of ARNOLD DE LA ROSA<br>(DECEASED); ABIGAIL MONCIVAIS;<br>SHANIA DE LA ROSA; ARNOLD DE<br>LA ROSA, JR.; CONSUELO DE LA<br>ROSA; and ALBERTO DE LA ROSA, SR.,<br>*Plaintiffs,*<br><br>v.<br><br>SWIFT TRANSPORTATION CO., INC.,<br>d/b/a SWIFT TRANSPORTATION CO.<br>OF ARIZONA, LLC; SWIFT<br>TRANSPORTATION SERVICES, LLC;<br>SWIFT TEXAS TRANSPORTATION,<br>L.L.C.; KNIGHT TRANSPORTATION<br>SERVICES, INC.; KNIGHT-SWIFT<br>TRANSPORTATION HOLDINGS INC.;<br>and KNIGHT<br>TRANSPORTATION, INC., d/b/a<br>KNIGHT TRANSPORTATION<br>TEXAS, INC.,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF<br><br><br><br><br><br><br><br><br>HIDALGO COUNTY, TEXAS<br><br><br><br><br><br><br><br><br><br><br><br><br><br>_____ JUDICIAL DISTRICT |

---

## PLAINTIFFS' ORIGINAL PETITION AND INITIAL DISCOVERY REQUESTS

---

TO THE JUDGE OF THIS HONORABLE COURT:

Plaintiffs **MARIA ANTONIA DE LA ROSA**, individually, and administrator of the estate of **ARNOLD DE LA ROSA (DECEASED)** (hereinafter referred to as "**DE LA ROSA**"), **ABIGAIL MONCIVAIS, SHANIA DE LA ROSA, ARNOLD DE LA ROSA, JR., CONSUELO DE LA ROSA**, and **ALBERTO DE LA ROSA, SR.** (hereinafter referred to as "Plaintiffs") file this original petition and initial discovery requests against Defendants **SWIFT TRANSPORTATION CO., INC., d/b/a SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, SWIFT TRANSPORTATION SERVICES, LLC, SWIFT TEXAS**

Electronically Filed
2/19/2019 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0788-19-E**

**TRANSPORTATION, L.L.C., KNIGHT TRANSPORTATION SERVICES, INC., KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC., and KNIGHT TRANSPORTATION, INC., d/b/a KNIGHT TRANSPORTATION TEXAS, INC.**[1] (hereinafter referred to as "**SWIFT**," "**SWIFT TRANSPORT**," "**SWIFT TEXAS**," "**KNIGHT TRANSPORT**," "**KNIGHT-SWIFT**," and "**KNIGHT TEXAS**" (collectively, "Defendants") and alleges as follows:

## A.    DISCOVERY CONTROL PLAN

1.    As a general matter, Plaintiffs' counsel believes that the amount of damages to be awarded to a claimant is strictly within the province of the jury. The damages sought by Plaintiffs in this case won't be measured by a specific dollar amount as much as they are based on the collective wisdom of a jury. Indeed, the jury will be reminded that it is solely up to them to award intangible damages for all applicable non-economic damages. The jury will also be reminded of the value that we as free Americans place on human life and our right to be free from pain and suffering and to pursue happiness however we see fit.

2.    Despite all of the foregoing, and despite the many objections lodged by both the defense bar and the plaintiffs' bar, the rules now provide that plaintiffs must state how much money they are seeking in a given suit. Therefore, pursuant to TEXAS RULES OF CIVIL

---

1 Pursuant to Texas Rule of Civil Procedure 28, Plaintiff brings this action against Defendants **SWIFT TRANSPORTATION CO., INC., d/b/a SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, SWIFT TRANSPORTATION SERVICES, LLC, SWIFT TEXAS TRANSPORTATION, L.L.C., KNIGHT TRANSPORTATION SERVICES, INC., KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC., and KNIGHT TRANSPORTATION, INC., d/b/a KNIGHT TRANSPORTATION TEXAS, INC.** in their assumed and/or common names. In the event that any proper party is misnamed in or omitted from this petition, Plaintiff requests that the true name of such party be substituted pursuant to Rule 28 and the misnomer doctrine. Tex. R. Civ. P. 28; *see also Chilkewitz v. Hyson*, 22 S.W.3d 825, 830 (Tex. 1999); *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4-5 (Tex. 1990); *Sheldon v. Emergency Med. Consultants I, P.A.*, 43 S.W. 3d 701, 703 (Tex. App.—Ft. Worth 2001, no pet.).

---

Electronically Filed
3/19/2019 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0788-19-E**

PROCEDURE 47(c)(5), Plaintiffs hereby state that they seeks monetary relief of over $1,000,000, excluding costs, prejudgment interest, exemplary damages, and attorney fees.

3. Plaintiffs intend to conduct discovery under Level 3 of TEXAS RULES OF CIVIL PROCEDURE 190.4. Plaintiffs affirmatively plead that this suit is not governed by the expedited-actions process in TEXAS RULES OF CIVIL PROCEDURE 169 because Plaintiffs seek monetary relief over $100,000.

### B.    PARTIES

4. PLAINTIFFS

a.    Plaintiff **MARIA ANTONIA DE LA ROSA** (hereinafter referred to as "**MARIA**") is an individual who is the spouse of **DE LA ROSA**. Plaintiff **MARIA** resides at 2233 Ivy Avenue, McAllen, Texas, 78501.

b.    Plaintiff **ALBERTO DE LA ROSA, SR.** is an individual who is the father of **DE LA ROSA**. Plaintiff **ALBERTO DE LA ROSA, SR.** resides at 518 Tower Road, Alamo, Texas, 78516.

c.    Plaintiff **CONSUELO DE LA ROSA** is an individual who is the mother of **DE LA ROSA**. Plaintiff **ALBERTO DE LA ROSA, SR.** resides at 518 Tower Road, Alamo, Texas, 78516.

d.    Plaintiff **ABIGAIL MONCIVAIS** is an individual who is the child of **DE LA ROSA**. Plaintiff **ABIGAIL MONCIVAIS** resides at 10422 Huebner Road, #2402, San Antonio, Texas, 78240.

e.    Plaintiff **SHANIA DE LA ROSA** is an individual who is the child of **DE LA ROSA**. Plaintiff **SHANIA DE LA ROSA** resides at 2233 Ivy Avenue, McAllen, Texas, 78501.

Electronically Filed
2/19/2019 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0788-19-E**

f. Plaintiff **ARNOLD DE LA ROSA, JR.** is an individual who is the child of **DE LA ROSA**. Plaintiff **ARNOLD DE LA ROSA, JR.** resides at 2233 Ivy Avenue, McAllen, Texas, 78501.

5. DEFENDANTS

a. Defendant **SWIFT TRANSPORTATION CO., INC., d/b/a SWIFT TRANSPORTATION CO. OF ARIZONA, LLC** (hereinafter referred to as "**SWIFT**") is a foreign limited liability company engaged in conduct constituting business within this state, which may be served with process by serving its registered agent for service, National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, Texas, 75201-3136. As Defendant **SWIFT** is engaged in conduct constituting business within this state, service may also be made by serving their registered agent for service in Delaware, National Registered Agents, Inc., 160 Greentree Dr., Ste. 101, Dover, Delaware, 19904. In the alternative, service on Defendant **SWIFT** may also be made by serving its alternative registered agent in Delaware, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware, 19801. All acts and omissions of Defendant **SWIFT** as described herein were performed or neglected by its agents, ostensible agents, servants, employees, and/or owners, acting in the course and scope of their respective agencies, ostensible agencies, services, employments and/or ownerships. Service of process on this Defendant can be made by serving it at the addresses listed above or any other place where it may be found.

b. Defendant **SWIFT TRANSPORTATION SERVICES, LLC** (hereinafter referred to as "**SWIFT TRANSPORT**") is a foreign limited liability company

---

Electronically Filed
3/15/2019 11:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0788-19-E**

engaged in conduct constituting business within this state, which may be served with process by serving its registered agent for service, National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, Texas, 75201-3136. As Defendant **SWIFT TRANSPORT** is engaged in conduct constituting business within this state, service may also be made by serving their registered agent for service in Delaware, National Registered Agents, Inc., 160 Greentree Dr., Ste. 101, Dover, Delaware, 19904. All acts and omissions of Defendant **SWIFT TRANSPORT** as described herein were performed or neglected by its agents, ostensible agents, servants, employees, and/or owners, acting in the course and scope of their respective agencies, ostensible agencies, services, employments and/or ownerships. Service of process on this Defendant can be made by serving it at the addresses listed above or any other place where it may be found.

c.      Defendant **SWIFT TEXAS TRANSPORTATION, L.L.C.** (hereinafter referred to as "**SWIFT TEXAS**") is a domestic limited liability company engaged in conduct constituting business within this state, with its principal place of business located at 2323 Oakcrest Dr., Garland, Texas, 75044. All acts and omissions of Defendant **SWIFT TEXAS** as described herein were performed or neglected by its agents, ostensible agents, servants, employees, and/or owners, acting in the course and scope of their respective agencies, ostensible agencies, services, employments and/or ownerships. Defendant **SWIFT TEXAS** may be served with process by serving its registered agent for service, Helen Mesfun, 2323 Oakcrest Dr., Garland, Texas, 75044, or any other place it may be found.

Electronically Filed
2/15/2019 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0788-19-E**

d.   Defendant **KNIGHT TRANSPORTATION SERVICES, INC.** (hereinafter referred to as "**KNIGHT TRANSPORT**") is a foreign for-profit corporation engaged in conduct constituting business within this state, which may be served with process by serving its registered agent for service, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas, 75201. All acts and omissions of Defendant **KNIGHT TRANSPORT** as described herein were performed or neglected by its agents, ostensible agents, servants, employees, and/or owners, acting in the course and scope of their respective agencies, ostensible agencies, services, employments and/or ownerships. Service of process on this Defendant can be made by serving it at the address listed above or any other place where it may be found.

e.   Defendant **KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC.** (hereinafter referred to as "**KNIGHT-SWIFT**") is a domestic corporation engaged in conduct constituting business within this state, however has not registered with the Texas Secretary of State. Service of process may be made by serving its registered agent for service, National Registered Agents, Inc., 160 Greentree Dr., Ste. 101, Dover, Delaware, 19904. All acts and omissions of Defendant **KNIGHT-SWIFT** as described herein were performed or neglected by its agents, ostensible agents, servants, employees, and/or owners, acting in the course and scope of their respective agencies, ostensible agencies, services, employments and/or ownerships. Service of process on this Defendant can be made by serving it at the address listed above or any other place where it may be found.

Electronically Filed
3/13/2019 4:52:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0788-19-E**

f.    Defendant **KNIGHT TRANSPORTATION, INC., d/b/a KNIGHT TRANSPORTATION TEXAS, INC.** (hereinafter referred to as "**KNIGHT TEXAS**") is a foreign for-profit corporation engaged in conduct constituting business within this state, which may be served with process by serving its registered agent for service, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas, 75201. All acts and omissions of Defendant **KNIGHT TEXAS** as described herein were performed or neglected by its agents, ostensible agents, servants, employees, and/or owners, acting in the course and scope of their respective agencies, ostensible agencies, services, employments and/or ownerships. Service of process on this Defendant can be made by serving it at the address listed above or any other place where it may be found.

### C.    JURISDICTION AND VENUE

6.    This Court has jurisdiction over this matter because the amount in controversy exceeds the Court's minimum jurisdictional requirements.

7.    Venue is proper in Hidalgo County, Texas pursuant to Section 15.002(A)(1) of the TEXAS CIVIL PRACTICE & REMEDIES CODE, because all or a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in Hidalgo County.

### D.    FACTUAL BACKGROUND

8.    Plaintiffs bring this suit to recover damages for personal injuries sustained by **DE LA ROSA** as a result of a motor vehicle fatality collision in Bushland, Cotton County, Texas, on or about February 27, 2017.

9.    **DE LA ROSA** was a driver for Defendants, pursuant to an agreement dated December 19, 2016, which he signed while residing at 2425 Briarwood Drive, Mission, Hidalgo

Electronically Filed
2/19/2019 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0788-19-E**

County, Texas, 78574. The agreement was signed in Mission, Hidalgo County, Texas, and **DE LA ROSA** began and ended his duties while operating under the agreement in Mission, Hidalgo County, Texas.

10. On the morning of February 27, 2017, **DE LA ROSA** was operating a red truck tractor with a semi-trailer attached when he drove off the road, travelled down the embankment, and struck the pillars supporting the west bound overpass bridge. **DE LA ROSA** was killed on impact.

11. The wreck occurred while **DE LA ROSA** was acting within the scope and course of his employment with, and/or driving under the direction of, and/or on an errand for, and/or under contract with the Defendants.

### E.   COMMON CARRIER

12. At the time of the incident, the Defendants were acting as "common carriers" under Texas law.  As such, the Defendants owed **DE LA ROSA** the duty of a high degree of care. The Defendants acted negligently and failed to act according to the standard of care. Such failures on the part of the Defendants' were a proximate cause of **DE LA ROSA**'s injuries, damages, and demise.

### F.   *RESPONDEAT SUPERIOR*

13. At the time of the incident described herein, Defendants **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS** were the agents, servants, representatives, subsidiaries, employees, and/or borrowed employees of Defendants **KNIGHT TRANSPORT**, **KNIGHT-SWIFT**, and **KNIGHT TEXAS**, and were acting within the scope of their authority and/or employment as such agent, servant and/or employee with Defendants **KNIGHT TRANSPORT**, **KNIGHT-SWIFT,** and **KNIGHT TEXAS**.

Electronically Filed
3/19/2019 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0788-19-E**

**ARNOLD** was operating a motor vehicle owned or operated with the permission of Defendants **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS**, with the knowledge, consent, actual permission and/or implied permission of Defendants **KNIGHT TRANSPORT, KNIGHT-SWIFT,** and **KNIGHT TEXAS**. This relationship arose when Defendants **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS** hired **ARNOLD** as an employee truck driver and/or used his services as a borrowed servant truck driver and/or had the right of control over the manner and means of his services as a truck driver when this incident occurred. Defendants are jointly and severally liable for **ARNOLD**'s injuries, damages, and demise under the doctrine of *respondeat superior* because the negligence of Defendants **SWIFT, SWIFT TRANSPORT,** and/or **SWIFT TEXAS** was a proximate cause of the incident described herein and the resulting injuries and damages.

14. Alternatively, Defendants **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS** were business partners, associates, or otherwise affiliated with Defendants **KNIGHT TRANSPORT, KNIGHT-SWIFT,** and **KNIGHT TEXAS**.

### G.    BRANDED VEHICLE

15. At all times material to this cause of action, the vehicle operated by **DE LA ROSA** displayed the markings of **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS**, thereby constituting a branded vehicle and indicating that **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS** was the owner of the vehicle and that **ARNOLD** was an agent of **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS**. *Rodriguez v. United Van Lines, Inc.*, 21 S.W.3d 382, 383 (Tex. App.—San Antonio 2000, pet. den'd); *Brown v. Big D Trans., Inc.*, 45 S.W.3d 703 (Tex. App.—Eastland 2001, no

Electronically Filed
3/19/2019 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0788-19-E**

pet.). Defendants' acts and omissions, as described herein, were a proximate cause of the injuries and of the damages suffered by **DE LA ROSA**.

### H.     NON-SUBSCRIBER

16.    On or about February 27, 2017, Defendants **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS** had no workers' compensation insurance coverage to provide for damages from personal injuries or death sustained by an employee in the course and scope of their employment. **DE LA ROSA** was acting within the course and scope of his employment with Defendants **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS** when he sustained his injuries on or about February 27, 2017.

### I.     CAUSE OF ACTION: COUNT I – WRONGFUL DEATH

17.    Plaintiffs bring this suit in their position as statutory beneficiaries of **DE LA ROSA**, specifically, as his parents, spouse, and children.

18.    Defendants **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS** are each duly formed corporations and/or business entities operating within Texas, and were doing so on or about February 27, 2017.

19.    The negligence and/or gross negligence of Defendants **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS** caused the death of **DE LA ROSA**.

20.    If **DE LA ROSA** had survived, he would have been entitled to bring an action for the injuries he sustained on February 27, 2017.

21.    Plaintiffs have suffered actual damages, including, but not limited to, pecuniary losses, mental anguish, and loss of companionship and society.

### J.     CAUSE OF ACTION: COUNT II – NEGLIGENCE, NEGLIGENT CONTROL, GROSS NEGLIGENCE & NONDELEGABLE DUTY

Electronically Filed
3/19/2019 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0788-19-E**

22. __Negligence__. Upon the occasion in question, **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS** had a duty to exercise ordinary care and/or a high degree of care as a common carrier to **DE LA ROSA** when he was operating as a driver for **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS**, to ensure he was operating a vehicle for **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS** in a reasonable and prudent manner.

23. Upon the occasion in question, **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS** failed to use ordinary care and/or a high degree of care as a common carrier in one or more of the following ways:

   a. Failing to prevent foreseeable injury to **DE LA ROSA** due to allowing, permitting, enticing, or ordering him to drive in excess of permitted hours;

   b. Failing to exercise ordinary care to prevent a foreseeable injury;

   c. Failing to prevent **DE LA ROSA** from a work-related hazard;

   d. Failing to exercise control as retained;

   e. Failing to take proper precautions against dangers involved in work entrusted to **DE LA ROSA;**

   f. Failing to prevent foreseeable injury to **DE LA ROSA** due to allowing, permitting, enticing, or ordering him to drive with a debilitating and/or disqualifying medical condition; and

   g. Failing to prevent foreseeable injury to **DE LA ROSA** due to allowing him to drive while having knowledge that he was suffering from a medical condition affecting his ability to drive.

24. Each and all of the above-stated acts and/or omissions constitute negligence.

Electronically Filed
3/19/2019 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0788-19-E**

25.     Plaintiffs reserve the right to plead additional and/or more specific acts and omissions in the future as additional facts become known.

26.     **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS**' breach of duty as described herein directly and proximately caused the injuries and damages sustained by **DE LA ROSA.**

27.     <u>**Negligent Control**</u>. Defendants **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS** retained some manner of control over the manner of how **DE LA ROSA** performed his work.

28.     Defendants **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS** failed to exercise reasonable care in its control of **DE LA ROSA'**s performance of his work, specifically, that it caused, by allowing, permitting, enticing, or ordering **DE LA ROSA** to operate the vehicle he was driving beyond the permitted hours, and/or in a state of a detrimental medical condition, to suffer serious bodily harm and injuries, including his death.

29.     **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS**' breach of duty as described herein directly and proximately caused the injuries and damages sustained by **ARNOLD**.

30.     <u>**Gross Negligence**</u>. The injuries sustained by **DE LA ROSA** resulted from the gross negligence of **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS**, which entitles **DE LA ROSA** to exemplary damages under TEXAS CIVIL PRACTICE & REMEDIES CODE section 41.003(a).

31.     Defendant **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS**' actions, when viewed objectively from the standpoint of Defendant **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS**, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Specifically, that Defendant **SWIFT**,

Electronically Filed
3/19/2019 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0788-19-E**

SWIFT TRANSPORT, and/or SWIFT TEXAS caused, by allowing, permitting, enticing, or ordering DE LA ROSA to operate the vehicle he was driving beyond the permitted hours, and/or in a state of a detrimental medical condition, to suffer serious bodily harm and injuries, including his death.

32.     Further, when viewed subjectively, the actions of Defendant SWIFT, SWIFT TRANSPORT, and/or SWIFT TEXAS show an awareness of the risk posed to DE LA ROSA and others, but that Defendants SWIFT, SWIFT TRANSPORT, and/or SWIFT TEXAS proceeded with a conscious indifference to the rights, safety, or welfare of others. Specifically, that SWIFT, SWIFT TRANSPORT, and/or SWIFT TEXAS knew or should have known that DE LA ROSA was given a route and schedule that, to accomplish successfully, would have not been possible within the permitted hours an operative can drive. SWIFT, SWIFT TRANSPORT, and/or SWIFT TEXAS also permitted this route and schedule to be issued, knowing or in a position where they should have known that DE LA ROSA was experiencing a detrimental medical condition.

33.     **Nondelegable Duty**. Defendants SWIFT, SWIFT TRANSPORT, and/or SWIFT TEXAS retained some manner of control over the manner of how DE LA ROSA performed his work. The work of DE LA ROSA, i.e. driving a tractor-trailer, when being permitted by SWIFT, SWIFT TRANSPORT, and/or SWIFT TEXAS knowing or should having known that DE LA ROSA was given a route and schedule that, to accomplish successfully, would have not been possible within the permitted hours an operator can drive, and/or knowing or should having known that DE LA ROSA was

Electronically Filed
3/19/2019 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0788-19-E**

experiencing a detrimental medical condition, was inherently dangerous and/or statutorily prohibited.

34.     Defendants **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS** is liable to **DE LA ROSA** for the injuries and damages he sustained, due to their failure to take reasonable precautions against the dangers **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS** permitted and/or caused to exist regarding **DE LA ROSA'**s work.

### K.     CAUSE OF ACTION: COUNT III – NEGLIGENT SUPERVISION

35.     Defendants **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS** had a duty of ordinary care and/or a high degree of care as a common carrier owed to **DE LA ROSA.**

36.     Defendants **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS** knew, or should have known, that allowing, permitting, enticing, or ordering **DE LA ROSA** to operate the vehicle he was driving beyond the permitted hours, and/or in a state of a detrimental medical condition, constituted a grave risk to himself and others, gave rise to an unacceptable amount of foreseeability regarding his injuries and damages, and caused a high likelihood of injuries and damages.

37.     Defendants **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS** breached its duty to **DE LA ROSA** by allowing, permitting, enticing, or ordering him to operate the vehicle he was driving beyond the permitted hours, and/or in a state of a detrimental medical condition.

38.     **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS'** breach of duty as described herein directly and proximately caused the injuries and damages sustained by **DE LA ROSA.**

### L.     CAUSE OF ACTION: COUNT IV – SURVIVAL ACTION

Electronically Filed
3/19/2019 1:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0788-19-E**

37.    Plaintiff **MARIA** is the legal representative of **DE LA ROSA**'s estate.

38.    **DE LA ROSA** had a cause of action for personal injury to his health, or person, before he died, including, but not limited to, negligence, gross negligence, and negligent supervision.

39.    **DE LA ROSA** would have been entitled to bring an action for the injuries he sustained if he had lived.

40.    The wrongful acts of Defendants caused **DE LA ROSA**'s injuries. These actions included, but are not limited to: failing to prevent foreseeable injury to **DE LA ROSA** due to allowing, permitting, enticing, or ordering him to drive in excess of permitted hours; failing to exercise ordinary care to prevent a foreseeable injury; failing to prevent **DE LA ROSA** from a work-related hazard; failing to exercise control as retained; failing to take proper precautions against dangers involved in work entrusted to **DE LA ROSA;** failing to prevent foreseeable injury to **DE LA ROSA** due to allowing, permitting, enticing, or ordering him to drive with a debilitating and/or disqualifying medical condition; and, failing to prevent foreseeable injury to **DE LA ROSA** due to allowing him to drive while having knowledge that he was suffering from a medical condition affecting his ability to drive.

## M.    DAMAGES

41.    As a direct and proximate result of the actions and omissions by **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS** as described herein, Plaintiffs have suffered severe injuries and damages. Such damages include, but are not limited to, the following:

a.    Loss of companionship and society;

b.    Loss of inheritance;

Electronically Filed
3/19/2019 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0788-19-E**

    c.       Loss of consortium;

    d.       Loss of earning capacity;

    e.       Physical pain and suffering in the past;

    f.       Mental anguish and emotional distress in the past;

    g.       Mental anguish and emotional distress in the future;

    h.       Physical impairment in the future;

    i.       Loss of enjoyment of life in the future;

    j.       Exemplary damages;

    k.       Property damage; and

    l.       Diminution of value.

42.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs' have suffered wrongful death damages pursuant to Section 71.004 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, including, but not limited to, the following:

    a.       Past mental anguish in the form of emotional pain, torment, and suffering, experienced only by one who has suffered the loss of a child;

    b.       Future mental anguish in the form of emotional pain, torment, and suffering, experienced only by one who has suffered the loss of a spouse;

    c.       Funeral and burial expenses;

    d.       Loss of companionship and society;

    e.       Pecuniary losses;

    f.       Exemplary damages;

    g.       Loss of consortium; and

    h.       Past and future loss of enjoyment of life

Electronically Filed
3/19/2019 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0788-19-E**

43.     Plaintiffs request that the jury consider what sum of money, if paid now in cash, would fairly and reasonably compensate them for the injuries and damages sustained in this case as a result of **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS**' wrongful conduct.

44.     Plaintiffs reserve the right to plead additional and/or more specific damages in the future as additional facts become known.

## N.     EXEMPLARY DAMAGES

45.     The injuries and damages suffered by **DE LA ROSA** resulted from the gross negligence of **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS**, which entitle Plaintiffs to exemplary damages under TEXAS CIVIL PRACTICE & REMEDIES CODE Section 41.003(a).

46.     Defendants **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS**' actions, when viewed objectively from the standpoint of **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS**, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Specifically, that **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS** caused, by allowing, permitting, enticing, or ordering **DE LA ROSA** to operate the vehicle he was driving beyond the permitted hours, and in a state of a detrimental medical condition, to suffer serious bodily harm and injuries, including his death.

47.     Further, when viewed subjectively, the actions of Defendants **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS** show an awareness of the risk posed to **ARNOLD**, but that **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS** proceeded with a conscious indifference to the rights, safety, or welfare of others. Specifically, that Defendant **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS** knew or should

Electronically Filed
3/19/2019 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0788-19-E**

have known that **ARNOLD DE LA ROSA** was given a route and schedule that, to accomplish successfully, would have not been possible within the permitted hours an operative can drive. **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS** also permitted this route and schedule to be issued, knowing or in a position where they should have known that **DE LA ROSA** was experiencing a detrimental medical condition.

## O.    DAMAGES CONSIDERED SEPARATELY

48.    Plaintiffs respectfully assert their request that they be allowed to have the elements of damages considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiffs for the injuries, losses and damages incurred, and to be incurred, and that each element of Plaintiffs' damages be considered separately and individually, segregating the past and future losses, so that the amount of pre-judgment interest due to Plaintiffs may be computed.

## P.    CONDITIONS PRECEDENT

49.    All conditions precedent to Plaintiffs' claim for relief have been performed or have occurred.

## Q.    JURY DEMAND AND REQUEST FOR COURT REPORTER

50.    Plaintiffs demand a jury trial to resolve all fact issues in this case and tender the appropriate fee with this petition.

51.    Plaintiffs respectfully request that a court reporter attend all sessions of court in connection with this case and that the court reporter take full notes of the jury selection, all testimony offered, any and all objections, arguments, and presentations of counsel, and all rulings and remarks of the Court.

Electronically Filed
3/19/2019 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0788-19-E

### R.    RULE 193.7 NOTICE

52.    In accordance with TEXAS RULES OF CIVIL PROCEDURE 193.7, Plaintiffs hereby give actual notice to Defendants that any and all documents and/or materials produced in response to written discovery may be used as evidence in this case, and that any such documents and/or materials may be used as evidence against the party producing the document or material at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents and/or materials produced in discovery.

### S.    INITIAL DISCOVERY REQUESTS

53.    Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs hereby request that each Defendants disclose within fifty (50) days of service of this request, all of the information or materials described in Rule 194.2(a)-(l).

54.    In addition, Plaintiffs request that Defendants respond to the following written discovery (attached hereto) within fifty (50) days of service thereof:

a.    Exhibit A:    Plaintiffs' First Request for Admissions to Defendant **SWIFT TRANSPORTATION CO., INC., d/b/a SWIFT TRANSPORTATION CO. OF ARIZONA, LLC**;

b.    Exhibit B:    Plaintiffs' First Request for Admissions to Defendant **SWIFT TRANSPORTATION SERVICES, LLC**;

c.    Exhibit C:    Plaintiffs' First Request for Admissions to Defendant **SWIFT TEXAS TRANSPORTATION, L.L.C.**;

d.    Exhibit D:    Plaintiffs' First Request for Admissions to Defendant **KNIGHT TRANSPORTATION SERVICES, INC.**;

Electronically Filed
3/19/2019 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0788-19-E

e.    Exhibit E:    Plaintiffs' First Request for Admissions to Defendant **KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC.**;

f.    Exhibit F:    Plaintiffs' First Request for Admissions to Defendant **KNIGHT TRANSPORTATION, INC., d/b/a KNIGHT TRANSPORTATION TEXAS, INC.**;

g.    Exhibit G:    Plaintiffs' First Request for Production to Defendant **SWIFT TRANSPORTATION CO., INC., d/b/a SWIFT TRANSPORTATION CO. OF ARIZONA, LLC**;

h.    Exhibit H:    Plaintiffs' First Request for Production to Defendant **SWIFT TRANSPORTATION SERVICES, LLC**;

i.    Exhibit I:    Plaintiffs' First Request for Production to Defendant **SWIFT TEXAS TRANSPORTATION, L.L.C.**;

j.    Exhibit J:    Plaintiffs' First Request for Production to Defendant **KNIGHT TRANSPORTATION SERVICES, INC.**;

k.    Exhibit K:    Plaintiffs' First Request for Production to Defendant **KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC.**;

l.    Exhibit L:    Plaintiffs' First Request for Production to Defendant **KNIGHT TRANSPORTATION, INC., d/b/a KNIGHT TRANSPORTATION TEXAS, INC.**;

m.    Exhibit M:    Plaintiffs' First Set of Interrogatories to Defendant **SWIFT TRANSPORTATION CO., INC., d/b/a SWIFT TRANSPORTATION CO. OF ARIZONA, LLC**;

C-0788-19-E

n.     Exhibit N:     Plaintiffs' First Set of Interrogatories to Defendant **SWIFT TRANSPORTATION SERVICES, LLC**;

o.     Exhibit O:     Plaintiffs' First Set of Interrogatories to Defendant **SWIFT TEXAS TRANSPORTATION, L.L.C.**;

p.     Exhibit P:     Plaintiffs' First Set of Interrogatories to Defendant **KNIGHT TRANSPORTATION SERVICES, INC.**;

q.     Exhibit Q:     Plaintiffs' First Set of Interrogatories to Defendant **KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC.**; and

r.     Exhibit R:     Plaintiffs' First Set of Interrogatories to Defendant **KNIGHT TRANSPORTATION, INC., d/b/a KNIGHT TRANSPORTATION TEXAS, INC.**

55.    Plaintiffs request available dates for the depositions of the following individuals to be provided within fifteen (15) days of the Defendants' respective responses to the written discovery propounded herewith:

a.     Corporate representative(s) of **SWIFT** most knowledgeable about the following matters:

  i.     the incident made the basis of Plaintiffs' claims;

  ii.    **SWIFT**'s insurance;

  iii.   prior lawsuits filed against **SWIFT** in the past 10 years;

  iv.    **SWIFT**'s investigation of incidents, including the incident made the basis of Plaintiffs' claims;

  v.     **SWIFT**'s corporate structure, personnel, locations, and company hierarchy;

Electronically Filed
3/19/2019 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0788-19-E**

vi.      marketing and advertising arrangements, agreements, strategies and policies; revenue, net profit and expenses;

vii.      and the relationship between **SWIFT** and its truck drivers;

b.      Corporate representative(s) of **SWIFT TRANSPORT** most knowledgeable about the following matters:

i.      the incident made the basis of Plaintiffs' claims;

ii.      **SWIFT TRANSPORT**'s insurance;

iii.      prior lawsuits filed against **SWIFT TRANSPORT** in the past 10 years;

iv.      **SWIFT TRANSPORT**'s investigation of incidents, including the incident made the basis of Plaintiffs' claims;

v.      **SWIFT TRANSPORT**'s corporate structure, personnel, locations, and company hierarchy;

vi.      marketing and advertising arrangements, agreements, strategies and policies; revenue, net profit and expenses;

vii.      and the relationship between **SWIFT TRANSPORT** and its truck drivers;

c.      Corporate representative(s) of **SWIFT TEXAS** most knowledgeable about the following matters:

i.      the incident made the basis of Plaintiffs' claims;

ii.      **SWIFT TEXAS**' insurance;

iii.      prior lawsuits filed against **SWIFT TEXAS** in the past 10 years;

iv.      **SWIFT TEXAS**' investigation of incidents, including the incident made the basis of Plaintiffs' claims;

Electronically Filed
3/19/2019 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0788-19-E**

   v.  **SWIFT TEXAS**' corporate structure, personnel, locations, and company hierarchy;

   vi.  marketing and advertising arrangements, agreements, strategies and policies; revenue, net profit and expenses;

   vii.  and the relationship between **SWIFT TEXAS** and its truck drivers;

 d. Mr. Roger Jones, supervisor with **SWIFT**, **SWIFT TRANSPORT**, and/or **SWIFT TEXAS**; and

 e. Corporate representative(s) of **KNIGHT TRANSPORT** most knowledgeable about the following matters:

   i.  the incident made the basis of Plaintiffs' claims;

   ii.  **KNIGHT TRANSPORT**'s insurance;

   iii.  prior lawsuits filed against **KNIGHT TRANSPORT** in the past 10 years;

   iv.  **KNIGHT TRANSPORT**'s investigation of incidents, including the incident made the basis of Plaintiffs' claims;

   v.  **KNIGHT TRANSPORT**'s corporate structure, personnel, locations, and company hierarchy;

   vi.  marketing and advertising arrangements, agreements, strategies and policies; revenue, net profit and expenses; and

   vii.  the relationship between **KNIGHT TRANSPORT** and its truck drivers.

 f. Corporate representative(s) of **KNIGHT-SWIFT** most knowledgeable about the following matters:

   i.  the incident made the basis of Plaintiffs' claims;

   ii.  **KNIGHT-SWIFT**'s insurance;

Electronically Filed
3/13/2019 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0788-19-E**

iii.     prior lawsuits filed against **KNIGHT-SWIFT** in the past 10 years;

iv.     **KNIGHT-SWIFT**'s investigation of incidents, including the incident made the basis of Plaintiffs' claims;

v.     **KNIGHT-SWIFT**'s corporate structure, personnel, locations, and company hierarchy;

vi.     marketing and advertising arrangements, agreements, strategies and policies; revenue, net profit and expenses; and

vii.     the relationship between **KNIGHT-SWIFT** and its truck drivers.

g.     Corporate representative(s) of **KNIGHT TEXAS** most knowledgeable about the following matters:

i.     the incident made the basis of Plaintiffs' claims;

ii.     **KNIGHT TEXAS**' insurance;

iii.     prior lawsuits filed against **KNIGHT TEXAS** in the past 10 years;

iv.     **KNIGHT TEXAS**' investigation of incidents, including the incident made the basis of Plaintiffs' claims;

v.     **KNIGHT TEXAS**' corporate structure, personnel, locations, and company hierarchy;

vi.     marketing and advertising arrangements, agreements, strategies and policies; revenue, net profit and expenses; and

vii.     the relationship between **KNIGHT TEXAS** and its truck drivers.

### T.     CONCLUSION AND PRAYER

Electronically Filed
3/5/2019 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0788-19-E**

56.     For these reasons, Plaintiffs respectfully request that all Defendants be cited to appear and answer and that, upon a final trial of this cause, Plaintiffs be granted a judgment against Defendants, jointly and severally, for the following:

a.      Actual damages as alleged herein and/or proven at trial;

b.      Exemplary damages;

c.      Pre-judgment interest from the date of injury through the date of judgment, at the maximum rate allowed by law;

d.      Post-judgment interest at the maximum rate allowed by law;

e.      Costs of court; and

f.      Any and all such other and further relief, whether in law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**THE CARLSON LAW FIRM, P.C.**
11606 North Interstate Highway 35
Austin, Texas 78753
Phone: (512) 346-5688
Fax:    (512) 719-4362

By:     /s/ L. Todd Kelly
        **L. Todd Kelly**
        Texas Bar No. 24035049
        TKellyEfile@carlsonattorneys.com

        **Nicholas P. Merz**
        Texas Bar No. 24107863
        NMerz@carlsonattorneys.com

**ZAMBRANO LAW FIRM**
3900 N. Tenth St., Suite 970
McAllen, Texas 78501
Phone: (956) 627-0908
Fax:    (956) 627-0762

By:     /s/ Jesus A. Zambrano
        **Jesus A. Zambrano**

Electronically Filed
3/19/2019 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0788-19-E**

Texas Bar No. 24044947
jesse@zambranolawfirm.com

**ATTORNEYS FOR PLAINTIFFS**